UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| ASHLEY FURNITURE INDUSTRIES, LLC, ASHLEY FURNITURE TRADING COMPANY, WANEK FURNITURE CO., LTD., MILLENNIUM FURNITURE CO., LTD., AND COMFORT BEDDING COMPANY LIMITED, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Ct. No. 21-00283 |
| v. | ) ) | |
| UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiffs Ashley Furniture Industries, LLC ("AFI"), Ashley Furniture Trading Company ("AFTC"), Wanek Furniture Co., Ltd. ("Wanek"), Millennium Furniture Co., Ltd. ("Millennium"), and Comfort Bedding Company Limited ("Comfort Bedding") (collectively, "Ashley Respondents" or "Plaintiffs") by and through their counsel, allege and state as follows:

### I. PROCEEDING UNDER REVIEW

1. This action seeks judicial review of certain aspects of the final affirmative determination by the U.S. Department of Commerce ("Commerce") in the antidumping duty investigation on mattresses from the Socialist Republic of Vietnam ("Vietnam"). See <u>Mattresses from the Socialist Republic of Vietnam: Final Affirmative Determination of Sales at Less Than Fair Value</u>, 86 Fed. Reg. 15,889 (Dep't of Commerce Mar. 25, 2021) ("<u>Final Determination</u>"), and accompanying Issues and Dec. Mem. ("I&D Mem."). Commerce subsequently published the antidumping duty order on mattresses from Vietnam on May 14, 2021. See <u>Mattresses From Cambodia, Indonesia, Malaysia, Serbia, Thailand, the Republic of Turkey, and the Socialist</u>

Republic of Vietnam: Antidumping Duty Orders and Amended Final Affirmative Antidumping Determination for Cambodia, 86 Fed. Reg. 26,460 (Dep't of Commerce May 14, 2021) ("Order").

## II.    JURISDICTION AND STANDARD OF REVIEW

2. Plaintiffs bring this action pursuant to the Tariff Act of 1930, as amended (the "Act"), sections 516A(a)(2)(A)(i)(II) and 516A(a)(2)(B)(i), 19 U.S.C. §§ 1516a(a)(2)(A)(i)(II); (a)(2)(B)(i).

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c) and section 516A(a)(2)(A)(i)(II), (B)(i) of the Act, 19 U.S.C. §§ 1516a(a)(2)(A)(i)(II); (a)(2)(B)(i).

4. The standard of review, as set forth in section 516A(b)(1)(B)(i) of the Act, 19 U.S.C. § 1516a(b)(1)(B)(i), is whether the determinations, findings or conclusions of Commerce are "unsupported by substantial evidence on the record, or otherwise not in accordance with law."

## III.    STANDING

5. Plaintiff AFI is a domestic producer of mattresses; Plaintiffs AFI and AFTC are importers of mattresses; Plaintiffs Wanek, Millennium and Comfort Bedding are foreign exporters of mattresses. Plaintiffs are, therefore, interested parties within the meaning of 19 U.S.C. § 1677(9)(A) and (C) and have standing to commence this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## IV.    TIMELINESS OF THIS ACTION

6. Plaintiffs commenced this action by filing a summons on June 11, 2021, which was within thirty days after the publication of the Order in the Federal Register. 19 U.S.C. § 1516a(a)(2)(A)(i)(II); see Order, 86 Fed. Reg. at 26,460; Summons (June 11, 2021), ECF No. 1.

7. Pursuant to 28 U.S.C. § 2636(c), a complaint in a civil action brought under 28 U.S.C. § 1581(c) must be filed in accordance with Rule 3(a)(2) of the Rules of the U.S. Court of International Trade, requiring that a complaint be filed within thirty days of the summons. This complaint is therefore timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A) and Rule 3(a)(2).

## V. STATEMENT OF FACTS

8. On March 31, 2020 Brooklyn Bedding, Corsicana Mattress Company, Elite Comfort Solutions, FXI, Inc., Innocor, Inc., Kolcraft Enterprises Inc., Leggett & Platt, Incorporated, the International Brotherhood of Teamsters, and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO (collectively "Petitioners") filed a petition with Commerce and the U.S. International Trade Commission ("Commission") for the imposition of antidumping duties on imports of mattresses from Cambodia, Indonesia, Malaysia, Serbia, Thailand, Turkey and Vietnam, as well as the imposition of countervailing duties on imports of mattresses from China. See Mattresses From Cambodia, China, Indonesia, Malaysia, Serbia, Thailand, the Republic of Turkey, and the Socialist Republic of Vietnam: Initiation of Less-Than-Fair-Value Investigations, 85 Fed. Reg. 23,002 (Dep't of Commerce Apr. 24, 2020).

9. On April 24, 2020, Commerce initiated an antidumping duty investigation on mattresses from Cambodia, Indonesia, Malaysia, Serbia, Thailand, Turkey and Vietnam and a countervailing duty investigation on mattresses from China. See id.

10. On May 21, 2020, the Commission published a notice of its affirmative preliminary injury determination on imports of mattresses from Cambodia, China, Indonesia, Malaysia, Serbia, Thailand, Turkey and Vietnam. See Mattresses From Cambodia, China, Indonesia, Malaysia, Serbia, Thailand, Turkey, and Vietnam, 85 Fed. Reg. 30,984 (Int'l Trade Comm'n May 21, 2020).

11. On May 15, 2020, Commerce selected Wanek, a plaintiff in this action, as a mandatory respondent for individual examination in the antidumping duty investigation on mattresses from Vietnam. See Mattresses from the Socialist Republic of Vietnam: Preliminary Affirmative Determination of Sales at Less Than Fair Value, Postponement of Final Determination, and Extension of Provisional Measures, 85 Fed. Reg. 69,591 (Dep't of Commerce Nov. 3, 2020) ("Prelim. Determination"), and accompanying Dec. Mem. at 2 ("Dec. Mem.").

12. On June 11, 2020, Commerce published its memorandum soliciting comments from interested parties for surrogate country selection and surrogate value ("SV") data to value factors of production. Dec. Mem. at 3 (Public Document).

13. On July 30, 2020, both Plaintiffs and Petitioners timely filed their respective SV comments with Commerce. See id. at 3 n.19. In their SV comments, Plaintiffs submitted the financial statements of an Indian mattress producer Sheela Foam Limited ("Sheela Foam") for Commerce to calculate factory overhead, selling, general, and administrative expenses and profit ratios. See Letter on Behalf of the Ashley Respondents to Dep't of Commerce re: Antidumping Investigation of Mattresses from the Socialist Republic of Vietnam: Surrogate Value Comments at 3, Ex. SV-4 (July 30, 2020) (Public Document).

14. In the same SV Comments, Plaintiffs also submitted import data under Indian Harmonized Tariff Schedule ("HTS") 9404.29.90 for Commerce to value one of Plaintiffs' major inputs i.e., pocket coil innerspring units. See id. at 2, Exs. SV-1, SV-3.

15. On the same day, Petitioners filed their SV comments and submitted the financial statements of Emirates Sleep Systems Private Limited ("Emirates Sleep"), an Indian mattress producer, to calculate the financial ratios and proposed Indian HTS 7320.90.90 for Commerce to value Plaintiffs' pocket coil innerspring units. See Letter on Behalf of Petitioners to Dep't of

Commerce re: Mattresses from the Socialist Republic of Vietnam: Petitioners' Surrogate Values Submission at 2-3, Ex. 11 (July 30, 2020) (Public Document).

16. On November 3, 2020, Commerce published its Preliminary Determination in the Federal Register, assigning a 190.79 percent weighted-average dumping margin to Wanek, Millennium, and Comfort Bedding. See Prelim. Determination, 85 Fed. Reg. at 69,592. Commerce also decided to collapse Wanek, Millennium and Comfort Bedding as a single entity pursuant to 19 C.F.R. § 351.401(f), a decision that was not contested by Plaintiffs or other parties in the investigation. See Dec. Mem. at 2 n.11 (Public Document).

17. In the Preliminary Determination, Commerce calculated Plaintiffs' factory overhead, selling, general, and administrative expenses and profit ratios based on Emirates Sleep's financial statements instead of Sheela Foam's financial statements. See id. at 19. Additionally, Commerce selected Indian HTS 7320.90.90 over Indian HTS 9404.29.90 that was proposed by Plaintiff to value Plaintiffs' pocket coil innerspring units. See Prelim. Determination, accompanying Surrogate Value Mem. at 5-8.

18. On November 5, 2020, Plaintiffs submitted ministerial error comments stating that Commerce should correct its Preliminary Determination notice that was published in the Federal Register and include AFTC and AFI (previously Ashley Furniture Industries, Inc.) as part of the combination rate. See Letter on Behalf of Ashley Respondents to Dep't of Commerce re: Mattresses from the Socialist Republic of Vietnam: Ministerial Error Comments at 3-4 (Nov. 5, 2020) (Public Document).

19. On December 1, 2020, Commerce issued its preliminary ministerial error memorandum in which it disagreed with Plaintiffs' assertion in their ministerial error comments and determined that neither AFTC nor AFI was eligible to receive a combination rate. See Mem.

from Abdelali Elouaradia to James Maeder re: Less-Than-Fair-Value Investigation of Mattresses from the Socialist Republic of Vietnam at 2-3 (Dec. 1, 2020) (Public Document). Commerce ultimately refused to amend its Preliminary Determination and publish an amended determination in the Federal Register. See id. at 4.

20. On December 29, 2020, Plaintiffs filed a case brief disputing Commerce's Preliminary Determination on several grounds. Plaintiffs mainly challenged Commerce's decision in relying on Emirates Sleep's financial statements to calculate the financial ratios and its selection of Indian HTS 7320.90.90 to value Plaintiffs' pocket coil innerspring units. See I&D Mem. at 2, 17-24, 36-39 (Public Document). Plaintiffs pointed out the significant flaws in Emirates Sleep's financial statements and provided ample evidence for which Commerce should choose Sheela Foam's financial statements and Indian HTS 9404.29.90 in the final determination. See id.

21. Specifically, Plaintiffs argued that Commerce should use Sheela Foam's financial statements to calculate the financial ratios because these financial statements are fully complete with no missing information, contemporaneous with the period of investigation, have similar production size and experience with Plaintiffs and are publicly available. See id. at 17-24. Plaintiffs also argued that Commerce should select Indian HTS 9404.29.90 as opposed to HTS 7320.90.90 because it is supported by substantial record evidence that it is the appropriate HTS code to value Plaintiffs' input. See id. at 36-39.

22. Moreover, Plaintiffs asserted that Commerce erred in deciding to exclude AFTC and AFI, importers of subject merchandise, from receiving a combination rate in the event of a final affirmative antidumping duty determination on mattresses from Vietnam. See id. at 51. Plaintiffs maintained that exports of subject merchandise by Wanek, Millennium, and Comfort Bedding were reinvoiced by AFI or AFTC prior to importation in the United States and,

6

accordingly, the dumping margin that was assigned to Wanek, Millennium, and Comfort Bedding should also apply to AFI or AFTC to account for the fact that U.S. Customs and Border Protection ("CBP") would be presented with a commercial invoice from AFI or AFTC and, not finding their names on the list of exporters with assigned rates, could erroneously refuse to apply the dumping margins assigned to Plaintiffs' supply chain exporting out of Vietnam. See id.

23. On February 11, 2021, Commerce held a hearing in the antidumping duty investigation on mattresses from Vietnam. See id. at 2. Plaintiffs participated and discussed issues raised in their case brief. Counsel for Petitioners also appeared and presented issues raised in their rebuttal brief. Plaintiffs and Petitioners presented their arguments on Commerce's decision in selecting Emirates Sleep's financial statements and Indian HTS 7320.90.90 to calculate the SV. See id. at 2 n.8.

24. On March 18, 2021, Commerce issued its Final Determination in the antidumping duty investigation on mattresses from Vietnam. See Final Determination, 86 Fed. Reg. at 15,889.

25. In its Final Determination, Commerce continued to use Emirates Sleep's financial statements, even though it acknowledged that Emirates Sleep's financial statements are not contemporaneous with the period of investigation. See I&D Mem. at 30-31, 36 (Public Document). Moreover, Commerce also continued to use Indian HTS 7320.90.90 to value Plaintiffs' pocket coil innerspring units despite record evidence justifies that Indian HTS 9404.29.90 is the appropriate HTS code to value Plaintiffs' pocket coil innerspring units. See id. at 45.

26. On March 25, 2021, Commerce published its Final Determination in the Federal Register. As a result of certain adjustments that were made in the Final Determination, Commerce

assigned a 144.92 percent weighted-average dumping margin to Wanek, Millennium and Comfort Bedding. Final Determination, 86 Fed. Reg. at 15,891.

27. On May 14, 2021, the Commission published its affirmative final injury determination on mattresses from Cambodia, China, Indonesia, Malaysia, Serbia, Thailand, Turkey, and Vietnam in the Federal Register. See Mattresses from Cambodia, China, Indonesia, Malaysia, Serbia, Thailand, Turkey, and Vietnam, 86 Fed. Reg. 26,545 (Int'l Trade Comm'n May 14, 2021).

28. On May 14, 2021, Commerce published the antidumping duty order on mattresses from Vietnam effectuating the weighted-average dumping margin for Wanek, Millennium and Comfort Bedding. See Order, 86 Fed. Reg. at 26,462.

## VI. STATEMENT OF THE CLAIMS

### COUNT I

29. Plaintiffs herein incorporate by reference paragraphs 1 through 28 of this complaint.

30. Commerce's reliance on Emirates Sleep's financial statements, and rejection of Sheela Foam's financial statements to calculate Plaintiffs' factory overhead, selling, general, and administrative expenses and profit ratios is unsupported by substantial evidence and otherwise not in accordance with law because Emirates Sleep's financial statements are significantly flawed in comparison to Sheela Foam's financial statements, which remain as the best available information to calculate the financial ratios.

### COUNT II

31. Plaintiffs herein incorporate by reference paragraphs 1 through 30 of this complaint.

32. Commerce's decision in selecting Indian HTS 7320.90.90 is unsupported by substantial evidence and otherwise not in accordance with law because record evidence provides that HTS 9404.29.90 is the only accurate surrogate to value Plaintiffs' pocket coil innerspring units, whereas Commerce's selection of Indian HTS 7320.90.90 is wholly inaccurate.

**COUNT III**

33. Plaintiffs herein incorporate by reference paragraphs 1 through 32 of this complaint.

34. Commerce's refusal to list AFTC and AFI as eligible for the dumping rates assigned to subject merchandise exported by Wanek, Millenium and Comfort Bedding where AFTC and AFI reinvoice the product prior to importation and, therefore, may appear as the nominal "exporters" is unsupported by substantial evidence and otherwise not in accordance with law.

**DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF**

WHEREFORE, and as challenged herein, Plaintiffs respectfully pray that this Court:

(1) declare Commerce's actions as described in Counts I-III unsupported by substantial evidence and otherwise not in accordance with law;

(2) remand to Commerce with instructions to recalculate the dumping margin assigned to Wanek, Millennium and Comfort Bedding in the investigation in accordance with the Court's decision;

(3) order Commerce to amend and publish an amended final determination in the Federal Register in accordance with a final decision by this Court in this matter, and, if applicable, exclude Plaintiffs from the amended antidumping order to the extent Plaintiffs' dumping margin is de minimis as a matter of law;

(4) order Commerce to issue amended cash deposit instructions to CBP consistent with this Court's decision; and

(5) provide such other relief as this honorable Court deems proper.

Respectfully submitted,

/s/ Kristin H. Mowry
Kristin H. Mowry
Jeffrey S. Grimson
Sarah M. Wyss
Wenhui "Flora" Ji
**Mowry & Grimson, PLLC**
*Counsel to Plaintiffs*

Date: July 9, 2021