# UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE:  THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| ASHLEY FURNITURE INDUSTRIES, LLC, ASHLEY FURNITURE TRADING COMPANY, WANEK FURNITURE CO., LTD., MILLENNIUM FURNITURE CO., LTD., AND COMFORT BEDDING COMPANY LIMITED, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | )   Court No. 21-00283 |
| Defendant, | ) ) ) |
| and | ) ) |
| BROOKLYN BEDDING, LLC, CORSICANA MATTRESS COMPANY, ELITE COMFORT SOLUTIONS; FXI, INC., INNOCOR, INC., KOLCRAFT ENTERPRISES INC., LEGGETT & PLATT, INCORPORATED, THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, and UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendant-Intervenor. | ) ) |

## DEFENDANT'S PARTIAL OPPOSITION TO PLAINTIFFS' MOTION FOR STATUTORY INJUNCTION

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

                                          L. MISHA PREHEIM
                                          Assistant Director

OF COUNSEL:
VANIA WANG                                KARA M. WESTERCAMP
Attorney                                  Trial Attorney
Department of Commerce                    U.S. Department of Justice
Office of the Chief Counsel               Civil Division
  for Trade Enforcement & Compliance      Commercial Litigation Branch
                                          P.O. Box 480
                                          Ben Franklin Station
                                          Washington, D.C.  20044
                                          Tel: (202) 305-7571

# <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

I.  Introduction And Background ................................................................. 2

II.  Standard Of Review ........................................................................... 4

III.  The Proposed Limitation On Ashley Furniture's Statutory Injunction Is Consistent With Court Precedent ........................................................... 5

IV.  Ashley Furniture Has Not Shown Entitlement To The Overbroad And Open-Ended Statutory Injunction That It Seeks ....................................... 6

    A.  Ashley Furniture Cannot Establish That It Will Suffer Immediate Irreparable Harm For Entries Made After April 30, 2022 ...................... 7

    B.  Ashley Furniture Fails To Demonstrate A Likelihood Of Success On The Merits ........................................................................... 16

    C.  The Balance Of Equities Do Not Weigh In Ashley Furniture's Favor ........................................................................................... 16

    D.  The Public Interest Is Not Served By Enjoining Entries Not Subject To Liquidation ................................................................................. 17

CONCLUSION ........................................................................................... 18

## **TABLE OF AUTHORITIES**

**CASES**                                                                                          **PAGE(S)**

*Agro Dutch Indus. Ltd. v. United States*,
    589 F.3d 1187 (Fed. Cir. 2009) ........................................................................... 13, 14

*Altx, Inc. v. United States*,
    211 F. Supp. 2d 1378 (Ct. Int'l Trade 2002) ............................................................ 8

*Am. Air Parcel Forwarding Co. v. United States*,
    573 F. Supp. 117 (Ct. Int'l Trade 1983) ............................................................. 4, 12

*Am. Cast Iron Pipe Co. v. United States*,
    399 F Supp. 3d 1362 (Ct. Int'l Trade 2019) ............................................................ 5

*Am. Power Pull Corp. v. United States*,
    121 F. Supp. 3d 1296 (Ct. Int'l Trade 2015) .................................................. 6, 7, 12

*Ambassador Div. of Florsheim Shoe v. United States*,
    748 F.2d 1560 (Fed. Cir. 1984) ............................................................................... 6

*Comm. Overseeing Action for Lumber Int'l Trade Investigations v. United States*,
    393 F. Supp. 3d 1271 (Ct. Int'l Trade 2019) ................................................... passim

*Fuyao Glass Indus. Grp. Co. v. United States*,
    27 C.I.T. 1321 (2003) .............................................................................................. 4

*Fuyao Glass Industrial Group Co. v. United States*,
    27 C.I.T. 1166 (2003) ............................................................................................ 14

*Husteel Co. v. United States*,
    34 F. Supp. 3d 1335 (Ct. Int'l Trade 2014) ................................................. 5, 12, 13

*Mazurek v. Armstrong*,
    520 U.S. 968 (1997) ................................................................................................ 4

*Mid Continent Steel & Wire, Inc. v. United States*,
    427 F. Supp. 3d 1375 (Ct. Int'l Trade 2020) ......................................................... 12

*Sandoz Chems. Corp. v. United States*,
    17 C.I.T. 1061 (1993) .............................................................................................. 9

*Shree Rama Enters. v. United States*,
    983 F. Supp. 192 (Ct. Int'l Trade 1997) .................................................................. 4

*SKF USA Inc. v. United States*,
 512 F.3d 1326 (Fed. Cir. 2008) ........................................................................... 9

*Sumecht NA, Inc. v. United States*,
 923 F.3d 1340 (Fed. Cir. 2019) ........................................................................... 5

*Trent Tube Div., Crucible Materials Corp. v. United States*,
 744 F. Supp. 1177 (Ct. Int'l Trade 1990) ............................................................ 4

*U.S. Steel Corp. v. United States*,
 33 C.I.T. 984 (2009),
 *aff'd*, 621 F.3d 1351 (Fed. Cir. 2010) ................................................................ 17

*Union Steel v. United States*,
 704 F. Supp. 2d 1348 (Ct. Int'l Trade 2010) ....................................................... 9

*Winter v. Nat. Res. Def. Council, Inc.*,
 555 U.S. 7 (2008) ........................................................................................ 4, 14

*Zenith Radio Corp. v. United States*,
 710 F.2d 806 (Fed. Cir. 1983) ................................................................... passim

## STATUTES

19 U.S.C. § 1504(d) ................................................................................................ 7

19 U.S.C. § 1516a(c)(2) .......................................................................................... 5

19 U.S.C. § 1516a(e) ........................................................................................... 2, 5

19 U.S.C. § 1675(a) ................................................................................................ 6

19 U.S.C. § 1675(a)(2)(C) ..................................................................................... 10

19 U.S.C. §§ 1671b(1)(B)&(2), 1671d(c)(1)(B)(ii), 1671e(a) ................................... 15

## REGULATIONS

19 C.F.R. § 351.212(c) ............................................................................................ 7

19 C.F.R. § 351.213(b)(1) ....................................................................................... 6

## ADMINISTRATIVE DETERMINATIONS

*Mattresses from the Socialist Republic of Vietnam: Final Affirmative Determination of Sales at Less Than Fair Value*,
 86 Fed. Reg. 15,889 (Dep't of Commerce Mar. 25, 2021)................................................. 2

*Mattresses From Cambodia, Indonesia, Malaysia, Serbia, Thailand, the Republic of Turkey, and the Socialist Republic of Vietnam: Antidumping Duty Orders and Amended Final Affirmative Antidumping Determination for Cambodia*,
 86 Fed. Reg. 26,460 (Dep't of Commerce May 14, 2021)................................................. 2

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE:  THE HONORABLE TIMOTHY M. REIF, JUDGE**

| | |
|---|---|
| _____ ) | |
| ASHLEY FURNITURE INDUSTRIES, LLC, ) | |
| ASHLEY FURNITURE TRADING COMPANY, ) | |
| WANEK FURNITURE CO., LTD., ) | |
| MILLENNIUM FURNITURE CO., LTD., AND ) | |
| COMFORT BEDDING COMPANY LIMITED, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| THE UNITED STATES, ) | Court No. 21-00283 |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| BROOKLYN BEDDING, LLC, CORSICANA ) | |
| MATTRESS COMPANY, ELITE COMFORT ) | |
| SOLUTIONS; FXI, INC., INNOCOR, INC., ) | |
| KOLCRAFT ENTERPRISES INC., LEGGETT & ) | |
| PLATT, INCORPORATED, THE ) | |
| INTERNATIONAL BROTHERHOOD OF ) | |
| TEAMSTERS, and UNITED STEEL, PAPER AND) | |
| FORESTRY, RUBBER, MANUFACTURING, ) | |
| ENERGY, ALLIED INDUSTRIAL AND ) | |
| SERVICE WORKERS INTERNATIONAL ) | |
| UNION, AFL-CIO, ) | |
| ) | |
| Defendant-Intervenors. ) | |
| _____ ) | |

**DEFENDANT'S PARTIAL OPPOSITION TO PLAINTIFFS'**
**MOTION FOR STATUTORY INJUNCTION**

Pursuant to Rule 65 of the Rules of the United States Court of International Trade,

defendant, the United States, respectfully submits this response in partial opposition to the

motion for statutory injunction filed by plaintiffs Ashley Furniture Industries, LLC (previously,

1

Ashley Furniture Industries, Inc.) (AFI), Ashley Furniture Trading Company (AFTC), Wanek

Furniture Co., Ltd. (Wanek), Millennium Furniture Co., Ltd. (Millennium), and Comfort

Bedding Company Limited (Comfort Bedding) (collectively, Ashley Furniture).  For the reasons

set forth below, Ashley's motion should be granted, in part, and denied, in part.

## I.   <u>Introduction And Background</u>

Ashley Furniture seeks to enjoin the Government from issuing liquidation instructions to

liquidate any unliquidated entries of mattresses from Vietnam subject to the United States

Department of Commerce's (Commerce) final determination in *Mattresses from the Socialist

Republic of Vietnam: Final Affirmative Determination of Sales at Less Than Fair Value*, 86 Fed.

Reg. 15,889 (Dep't of Commerce Mar. 25, 2021), and accompanying Issues and Decision

Memorandum (IDM), and *Mattresses From Cambodia, Indonesia, Malaysia, Serbia, Thailand,

the Republic of Turkey, and the Socialist Republic of Vietnam: Antidumping Duty Orders and

Amended Final Affirmative Antidumping Determination for Cambodia*, 86 Fed. Reg. 26,460

(Dep't of Commerce May 14, 2021) that were entered on or after November 30, 2020, excluding

any merchandise entered during the gap period.  *See* Pl. Mot. at 2.

As an initial matter, no entries are liquidated immediately after Commerce issues an

antidumping duty (AD) order.  To the contrary, from the preliminary determination forward,

entries of subject merchandise are suspended pending administrative review.  So here, despite

the fact that no injunction is necessary to counter any irreparable or immediate harm that might

occur, the defendant consents to the entry of a statutory injunction covering Ashley Furniture's

unliquidated entries through the end of the first administrative review period.  We oppose,

however, the overbroad and open-ended injunction that Ashley Furniture seeks.  Accordingly,

we respectfully request that any injunction entered by the Court be limited to entries of subject

merchandise from Vietnam that "were entered, or withdrawn from warehouse, for consumption into the United States on and between November 3, 2020, and April 30, 2022, excluding any merchandise entered, or withdrawn from warehouse, for consumption, on May 2, 2021 through May 13, 2021."

This injunction properly excludes the gap period, *i.e.*, entries that were entered, or withdrawn from warehouse, for consumption between May 2, 2021 (the day after the final day of provisional measures) and May 13, 2021 (the day prior to publication of the United States International Trade Commission's final determination).  This injunction will also cover all entries that were made through the end of the review period for the first administrative review of this AD order.  Moreover, as the defendant already informed Ashley Furniture's counsel, if this litigation is not resolved before entries from subsequent periods could potentially become subject to liquidation, Ashley Furniture may ask the Court to modify the injunction to cover such additional entries at that time, and we do not intend to oppose such modification if it is necessary.

As discussed more fully below, our proposed limitation on Ashley Furniture's injunction is consistent with Court precedent.  Moreover, Ashley Furniture has failed to demonstrate that it is entitled to the broad injunctive relief sought.  Specifically, Ashley Furniture has not alleged sufficient facts demonstrating that it will suffer irreparable harm from a statutory injunction that has a specific end date of April 30, 2022, which is the date that corresponds to the end of the period of review for the first administrative review.  Nor has Ashley Furniture alleged sufficient facts establishing likely success on the merits, that the balance of equities weigh in its favor, or that the public interest would be served through imposition of the injunctive relief sought.

II.   **Standard Of Review**

A preliminary injunction is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief. *Winter v. Nat. Res. Def. Council, Inc.* 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). To obtain an injunction prior to trial, the movant must establish that: "(1) absent the requested relief, it will suffer immediate irreparable harm; (2) there exists in its favor a likelihood of success on the merits; (3) the public interest would be better served by the requested relief; and (4) the balance of the hardships on all parties tips in its favor." *Fuyao Glass Indus. Grp. Co. v. United States*, 27 C.I.T. 1321, 1323 (2003) (*Fuyao II*) (citing *Zenith Radio Corp. v. United States*, 710 F.2d 806, 809 (Fed. Cir. 1983)). If the movant fails to satisfy any of these criteria the court must deny the motion for preliminary injunction. *Winter*, 555 U.S. at 20, 21; *Trent Tube Div., Crucible Materials Corp. v. United States*, 744 F. Supp. 1177, 1779 (Ct. Int'l Trade 1990). Moreover, "[f]ailure of an applicant to bear its burden of persuasion on irreparable harm is ground to deny a preliminary injunction, and the court need not conclusively determine the other criteria." *Fuyao II*, 27 CIT at 1324 (quoting *Am. Air Parcel Forwarding Co. v. United States*, 573 F. Supp. 117, 122 (Ct. Int'l Trade 1983)).

"In evaluating [irreparable] harm, the court must consider 'the magnitude of the injury, the immediacy of the injury, and the inadequacy of future corrective relief.'" *See Comm. Overseeing Action for Lumber Int'l Trade Investigations v. United States*, 393 F. Supp. 3d 1271, 1276 (Ct. Int'l Trade 2019) (*Lumber*) (*quoting Shree Rama Enters. v. United States*, 983 F. Supp. 192, 194 (Ct. Int'l Trade 1997)). As this Court held, "[o]f these three factors, 'immediacy [of the injury] and the inadequacy of future corrective relief' may be weighed more heavily than

magnitude of harm." *Id.* at 1276. "It is not enough to establish 'a mere possibility of injury, even where prospective injury is great. A presently existing, actual threat must be shown.'" *Id*.

Although injunctions against liquidation are typically granted in antidumping and countervailing duty cases, they remain extraordinary remedies that require a proper showing that the moving party is entitled to such remedy. *Sumecht NA, Inc. v. United States*, 923 F.3d 1340, 1345 (Fed. Cir. 2019); *see also* 19 U.S.C. § 1516a(c)(2) (empowering this Court to grant injunctive relief in challenges to certain specified Commerce determinations, including a final affirmative determination in an antidumping duty investigation, upon "a proper showing that the requested relief should be granted under the circumstances").

## II.   The Proposed Limitation On Ashley Furniture's Statutory Injunction Is Consistent With Court Precedent

The Government's agreement to an injunction with an end date corresponding to the end of the period of review for the first administrative review is consistent with injunctions that this Court has issued in other cases involving investigations, but *not* to the open-ended injunction that Ashley Furniture seeks. *See, e.g., Husteel Co. v. United States*, 34 F. Supp. 3d 1335, 1364 (Ct. Int'l Trade 2014) (issuing an injunction in an investigation that covered unliquidated entries that were made "on or after July 18, 2014 up to and including September 30, 2015," *i.e.*, through the end of the first period of review); *Am. Cast Iron Pipe Co. v. United States*, 399 F Supp. 3d 1362, 1365 n.3 (Ct. Int'l Trade 2019) (granting injunction in litigation regarding investigation that covered entries through the end of the first period of review); *Asociacion de Exportadores e Industriales de Aceitunas de Mesa v. United States*, Court No. 18-00195, docket entry No. 65, at 2 (Ct. Int'l Trade Jan. 19, 2021) (same); *PT Kenertec Power Sys. v. United States*, Court No. 20-03687, Docket Entry No. 14, at 2 (Ct. Int'l Trade Nov. 23, 2020) (same). In recent years, this Court has consistently limited the statutory injunction issued with respect to an investigation to

the entries covered by the first administrative review, permitting amendment when the investigation litigation did not conclude prior to the end of the first review.  Ashley Furniture fails to cite any reason why this case should be treated differently.

## III.   Ashley Furniture Has Not Shown Entitlement To The Overbroad And Open-Ended Statutory Injunction That It Seeks

Because all parties agree that the Court should issue the statutory injunction, the sole issue before this Court is how to properly fashion the injunctive relief.  The only real dispute here pertains to entries that will be made after April 30, 2022, which are subject to possible future reviews.  Ashley Furniture has not demonstrated there is any threat that these entries will be liquidated in the near future.  *See Lumber*, 393 F. Supp. 3d at 1276.  ("It is not enough to establish 'a mere possibility of injury, even where prospective injury is great.  A presently existing, actual threat must be shown.'").

When Commerce issues an AD order, it does not immediately lift suspension of liquidation.  At least once during each 12-month period, beginning on the anniversary of the date of publication of an antidumping duty order, if a request for a review has been received and after publication of notice in the Federal Register, Commerce will review and determine the amount of an antidumping duty and will publish the results of the review with notice of any duty to be assessed retrospectively.  19 U.S.C. § 1675(a).  Interested parties may request an administrative review "during the anniversary month of the publication of an antidumping or countervailing duty order."  19 C.F.R. § 351.213(b)(1).

If a review is requested, suspension of liquidation of the company's entries for which review was requested continues for the duration of the administrative review.  *Am. Power Pull Corp. v. United States*, 121 F. Supp. 3d 1296, 1301 (Ct. Int'l Trade 2015); *see also Ambassador Div. of Florsheim Shoe v. United States,* 748 F.2d 1560, 1565 (Fed. Cir. 1984).  If no review is

requested (or when all requests for review are withdrawn), Commerce will, without additional notice, instruct United States Customs and Border Protection (CBP) to assess antidumping or countervailing duties at the cash deposit rates in effect at the time of entry, *i.e.*, issue automatic liquidation instructions.  19 C.F.R. § 351.212(c).  CBP then has six months to liquidate the covered entries or the entries will be deemed liquidated at the cash deposit rate in effect at the time of entry.  *See Am. Power*, 121 F. Supp. 3d at 1302; 19 U.S.C. § 1504(d).  As discussed below, the entries at issue are not subject to liquidation in the near future, and, consequently, Ashley Furniture cannot establish that it will suffer immediate harm if the Court declines to grant the request for injunctive relief.

Here, the Government has consented to an injunction that applies to Ashley Furniture's entries that are subject to the first administrative review of this AD order and, thus, protects Ashley Furniture's entries from liquidation to the extent necessary.  In contrast, Ashley Furniture seeks a sweeping injunction that would enjoin liquidation of *all* future entries.  To obtain this sweeping injunctive relief, Ashley Furniture has the burden of showing:  (1) it will suffer irreparable harm if relief is not granted for entries made *after* April 30, 2022; (2) it is likely to succeed on the merits; (3) the balance of equities between the parties tips in its favor; and (4) that an injunction is in the public interest.  Ashley Furniture cannot meet this heavy burden.

### A.   Ashley Furniture Cannot Establish That It Will Suffer Immediate Irreparable Harm For Entries Made After April 30, 2022

Ashley Furniture is not entitled to a preliminary injunction covering entries made *after* April 30, 2022, that are subject to a future administrative proceeding because it has not established that it will suffer immediate irreparable harm with respect to these entries.  *See Fuyao II*, 27 C.I.T. at 1323 (citing *Zenith Radio*, 710 F.2d at 809).  "A mere possibility of future harm, no matter how great, will not support a request for preliminary injunction; the threat must

be present and existing." *Sandoz Chems. Corp. v. United States*, 17 C.I.T. 1061, 1064 (1993)

(citing *Zenith*, 710 F.3d at 809); *see Altx, Inc. v. United States*, 211 F. Supp. 2d 1378, 1380 (Ct.

Int'l Trade 2002).

"In evaluating [irreparable] harm, the court must consider 'the magnitude of the injury,

the immediacy of the injury, and the inadequacy of future corrective relief'" and 'immediacy [of

the injury] and the inadequacy of future corrective relief' may be weighed more heavily than

magnitude of harm." *Lumber*, 393 F. Supp. 3d at 1276.  With respect to the future entries that

will be made after April 30, 2022 (*i.e.*, the end point in the Government's proposed injunction

coverage), there is no imminent threat of liquidation until the end of the second administrative

review or, if review is not requested, when automatic liquidation instructions are issued.  The

second administrative review of this antidumping duty order may be requested in May 2023, and

all entries subject to the Order have been suspended since the preliminary determination and will

remain suspended until the completion of the review.   For companies for which no review is

requested, the earliest time the automatic liquidation instructions for entries that are made after

April 2022 may be issued is in July 2023.[1]

Moreover, as we indicated to Ashley Furniture's counsel, if this litigation is not resolved

by the time some of these future entries could conceivably be subject to liquidation, when

appropriate, the Government will consent to modifying the preliminary injunction to cover such

entries that were made during the period of the second administrative review.  Our position is

consistent with Commerce's well-established approach.

---

[1] The earliest that an initiation notice could be published is June 1, 2023, after the May request period.  Because Commerce typically has a 35-day waiting period before sending out liquidation instructions, the earliest that Commerce would send out liquidation instructions for the second review is in July 2023.

Ashley Furniture asserts two potential grounds for the alleged irreparable harm.  First, it contends that it will be deprived of meaningful judicial review.  Pl. Mot. at 4.  Second, it contends that AFI and AFTC would suffer economic loss from being directly responsible for the payment of AD duties, and that Wanek, Millennium, and Comfort Bedding would suffer from having their entries subject to a dumping rate.  *Id*. at 5-8.  As explained below, if the Court issues an injunction that covers entries through the end of the first administrative review, Ashley Furniture cannot demonstrate that it will suffer irreparable harm.

First, Ashley Furniture is not in danger of losing its statutory right to seek meaningful judicial review.  Although no entries are currently subject to liquidation, Ashley Furniture has sought and is entitled to meaningful judicial review.  When a party pursues a legal challenge to an administrative review, but entries covered by that review have been liquidated, the liquidation of such entries may indeed deprive the court of jurisdiction, and the party may lose its statutory right to seek judicial review.  *See SKF USA Inc. v. United States*, 512 F.3d 1326, 1328-29 (Fed. Cir. 2008) ("The government's mootness argument is based on the proposition that liquidation of *entries covered by an annual administrative review* terminates any judicial challenge to the final determination *of that review*.") (emphasis added); *Union Steel v. United States*, 704 F. Supp. 2d 1348, 1350 (Ct. Int'l Trade 2010) (finding that an injury is imminent if the entries covered by a completed administrative review have not been enjoined from liquidation because a party, whose entries are liquidated, "no longer may obtain a relief in the form of revised assessment rate on its entries"); *Lumber*, 393 F. Supp. 3d at 1277 (explaining that "[c]hallenges to administrative reviews differ from challenges to investigations, because they address dumping margins calculated on entries of the subject merchandise for a specific period" and that "liquidation constitutes irreparable harm, because the plaintiff . . . would lose 'the only remedy available to

[it] for an incorrect review determination'"). Indeed, because Commerce's determinations in administrative reviews are the basis for assessment of countervailing or antidumping duties on entries of subject merchandise covered by that review, the liquidation of such entries could render the legal challenge to the assessment rate moot. *See* 19 U.S.C. § 1675(a)(2)(C). In contrast, where, as here, litigants challenge the final determinations in an investigation, "liquidation of entries—without more—generally does not constitute irreparable harm[.]" *Lumber*, 393 F. Supp. 3d at 1278 (finding that expedited reviews are akin to investigations and, thus, liquidation of entries would not moot the claims by domestic industry).

In this case, Ashley Furniture's challenge relates to the final determination in an antidumping duty investigation. *See* Pl. Mot. at 7 (stating that "the subject of the appeal is an initial AD investigation . . . . "); *Lumber*, 393 F. Supp. 3d at 1277 ("Challenges to administrative reviews differ from challenges to investigations. . . ."). Although Ashley Furniture's entries at issue are not in danger of being liquidated in the near future, its ability to challenge the final determination in an investigation and seek revocation of an AD order is not contingent on having unliquidated entries. *Lumber*, 393 F. Supp. 3d at 1278. Revocation of this AD order, which Ashley Furniture seeks in this case, certainly constitutes a meaningful judicial relief regardless of the liquidation status of any specific set of entries.

Second, the possibility that Ashley Furniture's entries could become subject to AD duties at some distant point in the future does not constitute immediate injury, and there is adequate future relief available. As previously explained, the entries at issue are administratively suspended and will not be subject to liquidation for many months. Indeed, Ashley Furniture may ensure that its entries remain suspended by requesting review when the time is appropriate or by asking the Court to modify the injunction in this case.

The limitation to the injunctive relief that we are seeking will preserve the status quo with respect to the entries covered by the first administrative review, which are the first set of entries that would be slated for liquidation.  The entries covered by the second period of review will remain administratively suspended from liquidation until at least May of 2023 and, if a party requests a review of Ashley Furniture, the entries will remain suspended from liquidation until the completion of such review in 2024.  Accordingly, there is no presently existing, actual threat that any of Ashley Furniture's entries will be liquidated in the near future.  Although it may later be in a position to seek further injunctive relief depending on circumstances, such as the duration of this litigation and future developments in administrative cases, Ashley Furniture must satisfy the requirements for injunctive relief established by the Court in the first instance, which it cannot do.

Ashley Furniture argues that it will suffer ongoing harm because of possible revocation of the order.  Pl. Mot. at 7-8.  This argument lacks merit.  Ashley Furniture's burden is to demonstrate *immediate and irreparable* harm.  Ashley Furniture cites no authority for the proposition that it may be relieved of demonstrating actual, immediate irreparable harm merely because it believes that it may be inattentive and fail to request amendment of the injunction. Moreover, the Government consistently has consented to requested injunctions with a definite endpoint in similar cases, and we have also consistently opposed open-ended injunctions in recent years.  *See, e.g.*, *Linyi Chengen Import & Export Co., Ltd. v. United States*, Court No. 18-00002 (Ct. Int'l Trade), ECF Nos. 65, 66, 67, 68, 69, 70, 71, 72, 75, 76; *Jiangsu Zhongji Lamination Materials., (HK) Ltd. v. United States*, Court. No. 18-00091 (Ct. Int'l Trade), ECF No. 15; *Beijing Tianhai Indus. Co., Ltd. v. United States*, Court No. 12-00203 (Ct. Int'l Trade), ECF No. 58.  As previously discussed, this approach is consistent with how this Court tailors

injunctive relief in these cases—*i.e.*, routinely issuing injunctions with a definite endpoint when the case concerns an investigation.  *See, e.g.*, *Husteel*, 34 F. Supp. 3d at 1364 (issuing an injunction in a case concerning an investigation that covered unliquidated entries that were made up to the end of the first period of review).  Despite the widespread use of such injunctions, Ashley Furniture has failed to identify a single case in which issuance of an injunction with a definite endpoint in investigations has caused a party irreparable harm.  And Ashley Furniture cannot show economic harm based on the mere *possibility* that it could be inattentive in the future and fail to request amendment of the injunction.

Further, Ashley Furniture relies on this Court's decision in *Mid Continent Steel & Wire, Inc. v. United States*, 427 F. Supp. 3d 1375 (Ct. Int'l Trade 2020), in which this Court found irreparable harm and granted an open-ended injunction in an investigation.  The *Mid Continent* decision, however, resulted from exceptional circumstances of that litigation, in which the Court issued an open-ended injunction in 2020, *i.e.*, approximately *five years* after the litigation commenced in 2015, and only *after* the first two administrative reviews were completed and two additional reviews were in the process of being completed.  Circumstances are vastly different here, where Ashley Furniture seeks an open-ended injunction from the outset of litigation, long before any of the administrative reviews are even scheduled to commence.

Likewise, Ashley Furniture fails to demonstrate that it would suffer irreparable harm from an injunction that covers the entries through the end of the first administrative review.  By virtue of the order and Commerce's instructions effectuating the order, the liquidation of incoming entries of subject merchandise continue in a suspended status.  *See* 19 U.S.C. §§ 1671b(1)(B)&(2), 1671d(c)(1)(B)(ii), 1671e(a); *cf. Am. Power*, 121 F. Supp. 3d at 1301 ("Thus, the antidumping duty order provides the legal basis for the suspension of liquidation of

imports of subject merchandise that enter for consumption on or after the date of publication of that order, throughout the life of the order, and until the order is revoked.").  For companies for which no review is requested, the earliest time the automatic liquidation instructions for the entries from the second administrative review may be issued is in July 2023, and much later for entries from subsequent administrative reviews.  Even if this litigation is not complete at that time, the Government would consent to modification of the injunction in the future if entries from subsequent reviews become subject to liquidation.

Ashley Furniture's reliance on *Agro Dutch* and *Zenith Radio* is also misplaced.  *See* Pl. Mot. at 6.  Both decisions dealt with injunctions and liquidation of entries in the context of administrative reviews, rather than investigations, where liquidation of entries indeed renders claims against that administrative review moot.  *See Zenith Radio*, 710 F.2d at 810; *Agro Dutch Indus. Ltd. v. United States*, 589 F.3d 1187, 1190 (Fed. Cir. 2009).  Neither decision, however, stands for the proposition that an open-ended injunction must (or should) be granted in an investigation.

Moreover, Ashley Furniture's reliance on *Husteel*, Pl. Mot. at 3, 6, supports our position for an injunction with an end date.  In *Husteel*, this Court issued an injunction that only applied to entries covered by the first administrative review, which is substantially identical to the approach the Government advocates here.  *Husteel*, 34 F. Supp. 3d at 1364.  Although this Court indicated that, under the strict interpretation of its rules, a party would be required to demonstrate good cause if it did not obtain an injunction within the initial 30-day period after the filing of the complaint, the Court issued a precisely tailored injunction that was limited in temporal scope.  *Id.* Indeed, the United States Court of Appeals for the Federal Circuit held that a court "may exercise its sound discretion to modify an injunctive order when modification is necessary to

achieve the order's intended purpose and does not otherwise result in prejudice to a party." *Agro Dutch*, 589 F.3d at 1192. To the extent that a future modification of the existing injunction is necessary to cover additional future entries to protect them from the imminent threat of liquidation, this Court has full authority to modify its injunction.

Finally, although we recognize that Ashley Furniture is statutorily entitled to an injunction to cover entries at risk of liquidation, which none currently are, injunctions are still viewed as an "extraordinary remedy." *Winter*, 555 U.S. at 22. Given the extraordinary nature of this remedy, in fashioning the appropriate injunction terms, the Court should strive to adopt the least restrictive means of achieving the intended purpose for which the injunction is issued. This Court's decisions in the *Fuyao Glass* cases are particularly instructive.

In *Fuyao Glass Industrial Group Co. v. United States*, 27 C.I.T. 1166, 1169 (2003) (*Fuyao I*), the Court denied an application for a preliminary injunction in an action challenging an AD duty order, when an administrative review kept entries suspended. Specifically, the applicant seeking the injunction contended that it was the only party to request an administrative review of its entries, that it was reconsidering its decision to pursue that review, and that if it withdrew its review request, it would suffer irreparable harm because its entries would be immediately liquidated. *Id.* at 1168. The Court rejected this argument and explained that "injunctive relief is an 'extraordinary remedy' that should be granted sparingly." *Id*. at 1167. The Court then held that "so long as the administrative review of the Subject Merchandise stays its course[,] the irreparable harm with which Applicant claims to be faced remains in check[,]" and that the claimed irreparable harm was more of "a possibility than a present threat." *Id.* at 1169. The Court concluded that "it cannot grant the requested relief simply because the prospect of irreparable harm is too speculative." *Id.*

Thereafter, the applicant withdrew its review request, and the *Fuyao* Court granted a second injunction request, limiting injunction to the entries from that specific review that were no longer suspended from liquidation.  Only with respect to the entries no longer suspended from liquidation did the Court hold that the "[a]pplicant has now established the 'crucial element' of immediate irreparable harm . . . because Applicant has withdrawn its request for an administrative review of the Subject Merchandise the prospect of immediate irreparable harm is no longer 'speculative' and Applicant is now in much the same position as other parties who have sought and received preliminary injunctions in these matters." *Fuyao II*, 27 C.I.T. at 1324 (citations omitted).  The Court also held that the injunction "should cover only those entries of subject merchandise that were entered or withdrawn for consumption during the period of administrative review and should exclude entries made on or after April 1, 2013 from the scope." *Id.* at 1325.  This is precisely the type of limitation to the proposed preliminary injunction that we seek here.  In fact, Ashley Furniture is in a more favorable position than the plaintiff in the *Fuyao* cases, because we have consented to an injunction up to the end of the first administrative review, even though all of Ashley Furniture's entries remain administratively suspended.

In sum, Ashley Furniture's request for a prospective, open-ended injunction pending the outcome of this litigation is both premature and overbroad because the threat of immediate irreparable harm is, for entries made on or after December 31, 2021, "speculative." *Id.* at 1324; *see also Zenith Radio*, 710 F.2d at 809 ("A preliminary injunction will not issue simply to prevent a mere possibility of injury, even where prospective injury is great.  A presently existing, actual threat must be shown.") (citation and internal quotation marks omitted).  Given that an injunction is an "extraordinary remedy," the Court should fashion it in the least restrictive manner (*i.e.*, to the extent necessary to prevent a presently existing, actual threat of liquidation),

rather than adopt the most expansive possible construction in its terms, for which Ashley Furniture advocates.

**B.     Ashley Furniture Fails To Demonstrate A Likelihood Of Success On The Merits**

Ashley Furniture asserts that it is likely to prevail on the merits because it raised "substantial questions in the complaint," such that it argues that substantial evidence does not support Commerce's findings in the final determination.  Pl. Mot. at 9-10.  However, Commerce explained its evaluation of the evidence on the record and the reasons for its final determination in the accompanying Issues and Decision Memorandum to the final determination.  *See generally* IDM.  Moreover, even if Ashley Furniture shows that it will likely succeed on the merits, which it has not, this factor is not dispositive.  *See, e.g.*, *Fuyao I*, 27 C.I.T. at 1171 (finding that although serious issues were raised, these were not dispositive).  Thus, while we do not concede that Ashley Furniture has demonstrated that it is likely to prevail on the merits, the likelihood of success factor is not dispositive here.

**C.     The Balance Of Equities Do Not Weigh In Ashley Furniture's Favor**

Ashley Furniture argues that it will lose the right to appeal Commerce's decision and that this outweighs inconvenience to the Government with respect to delay in collecting duties.  Pl. Mot. at 10.  However, although Ashley Furniture's argument explains why it would potentially suffer harm in the *absence* of an injunction, Ashley Furniture has failed to articulate any harm from an injunction with a specific end date.  Thus, Ashley Furniture has failed to demonstrate that the more precisely tailored injunction to which the Government consents would result in premature liquidation.

Moreover, Ashley Furniture's request for a broader injunction covering future entries is not necessary to maintain the status quo, because the entries at issue remain administratively

suspended and are not in any danger of being liquidated.  Should those entries be subject to

liquidation later, Ashley Furniture may petition this Court for modification of the injunction, and

the Court may grant that request, if appropriate.  At most, Ashley Furniture would have to

exercise basic due diligence, coordinate with Commerce to update the Form 24 to add new dates,

and ask the Court to modify the existing injunction.  Ashley Furniture may view these procedural

requirements as an inconvenience, but they neither constitute a hardship, nor justify imposition

of an open-ended injunction.

Finally, if the Court were to grant Ashley Furniture's broad request for injunctive relief, it

could hamper Commerce's ability to perform its statutory mandate and unnecessarily interfere

with matters that are within the province of the Executive Branch.  As this Court has recognized,

the Executive Branch "speak[s] on behalf of the U.S. to the international community on matters

of trade and commerce."  *U.S. Steel Corp. v. United States*, 33 C.I.T. 984, 995 (2009), *aff'd,* 621

F.3d 1351 (Fed. Cir. 2010).  That authority should not be prematurely hampered in this case

through the imposition of broad injunctive relief.  In sum, Ashley Furniture has failed to

establish that the balance of equities weighs in its favor for an open-ended injunction, and the

Court should decline to issue the overbroad injunction that Ashley Furniture seeks.

### D.    The Public Interest Is Not Served By Enjoining Entries Not Subject To Liquidation

Finally, Ashley Furniture argues that the public interest is in its favor because of the

statutory right to meaningful judicial review and the need to ensure effective trade enforcement

with the correct amount of duties collected.  Pl. Mot. at 11.  This argument fails to consider two

facts.  First, Ashley Furniture *is* engaged in meaningful judicial review, and that right is not

threatened by the imposition of an injunction with a specific end date, as Ashley Furniture can

petition this Court for an extension of the injunction, if or when necessary.  Second, no valid

public interest is served by enjoining the liquidation of future entries that are not subject to liquidation in the first place. Thus, Ashley Furniture has failed to allege sufficient facts demonstrating that the public interest will be served through imposition of an open-ended injunction, and the Court should deny its request for injunctive relief insofar as it fails to include a specific end date.

## **CONCLUSION**

For these reasons, the Court should deny Ashley Furniture's motion, in part, and grant, in part, entering our proposed injunction.[2]

<div style="margin-left:40%">

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/L. Misha Preheim
L. MISHA PREHEIM
Assistant Director

</div>

| | |
|---|---|
| OF COUNSEL: | s/Kara M. Westercamp |
| VANIA WANG | KARA M. WESTERCAMP |
| Attorney | Trial Attorney |
| Department of Commerce | U.S. Department of Justice |
| Office of the Chief Counsel | Civil Division |
|   for Trade Enforcement & Compliance | Commercial Litigation Branch |
| | P.O. Box 480 |
| | Ben Franklin Station |
| | Washington, D.C.  20044 |
| | Tel: (202) 305-7571 |

---

[2] Our proposed injunction follows the Form 24 language and is substantively dissimilar to Ashley Furniture's proposed order in two respects. First, there is an end date of April 30, 2022, which is the end of the first administrative review. Second, because Commerce's non-market economy practice uses a chain rate, the Government consents to enjoin entries produced and exported by Wanek Furniture Co., Ltd., Millennium Furniture Co., Ltd., or Comfort Bedding Company Limited.

August 20, 2021                                    Attorneys for Defendant

**CERTIFICATE OF COMPLIANCE WITH WORD COUNT LIMITATION
IN THE COURT'S STANDARD CHAMBERS PROCEDURE**

I, Kara M. Westercamp, Trial Attorney in the Commercial Litigation Branch, am

responsible for filing the foregoing brief, and relying upon the Microsoft Word Word-Count

feature of the word processing system used to prepare the reply brief, I certify that this brief

complies with the word count limitation of the United States Court of International Trade

Standard Chambers Procedures and contains 5,372 words.

/s/ Kara M. Westercamp

/s/

## UNITED STATES COURT OF INTERNATIONAL TRADE

**BEFORE:  THE HONORABLE TIMOTHY M. REIF, JUDGE**

_____

| | |
|---|---|
| ASHLEY FURNITURE INDUSTRIES, LLC, ASHLEY FURNITURE TRADING COMPANY, WANEK FURNITURE CO., LTD., MILLENNIUM FURNITURE CO., LTD., AND COMFORT BEDDING COMPANY LIMITED, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | )   Court No. 21-00283 |
| Defendant, | ) ) ) |
| and | ) ) |
| BROOKLYN BEDDING, LLC, CORSICANA MATTRESS COMPANY, ELITE COMFORT SOLUTIONS; FXI, INC., INNOCOR, INC., KOLCRAFT ENTERPRISES INC., LEGGETT & PLATT, INCORPORATED, THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, and UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendant-Intervenor. | ) ) |

_____

## <u>ORDER</u>

Upon consideration of the Motion for Statutory Injunction filed by Plaintiffs Ashley Furniture Industries, LLC, Ashley Furniture Trading Company, Wanek Furniture Co., Ltd., Millennium Furniture Co., Ltd., and Comfort Bedding Company Limited (collectively, plaintiffs), defendant's partial opposition thereto, and all other pertinent papers, it is hereby,

ORDERED that Plaintiffs' Motion for Statutory Injunction is GRANTED IN PART AND DENIED IN PART; and it is further

ORDERED that Defendant, the United States, together with the delegates, officers, agents, and servants, including employees of the U.S. Customs and Border Protection and the United States Department of Commerce, is enjoined during the pendency of this litigation, including all appeals, from issuing instructions to liquidate or making or permitting liquidation of unliquidated entries of mattresses from the Socialist Republic of Vietnam;

(1)   That were produced and exported by Wanek Furniture Co., Ltd., Millennium Furniture Co., Ltd., or Comfort Bedding Company Limited and imported by Ashley Furniture Industries, LLC or Ashley Furniture Trading Company;

(2)   That were the subject of the United States Department of Commerce's final determination in *Mattresses from the Socialist Republic of Vietnam: Final Affirmative Determination of Sales at Less Than Fair Value*, 86 Fed. Reg. 15,889 (Dep't of Commerce Mar. 25, 2021), and *Mattresses From Cambodia, Indonesia, Malaysia, Serbia, Thailand, the Republic of Turkey, and the Socialist Republic of Vietnam: Antidumping Duty Orders and Amended Final Affirmative Antidumping Determination for Cambodia*, 86 Fed. Reg. 26,460 (Dep't of Commerce May 14, 2021);

(3)   That were entered, or withdrawn from warehouse, for consumption into the United States during the period November 3, 2020 through April 30, 2022, excluding any merchandise entered, or withdrawn from warehouse, for consumption, on May 2, 2021 through May 13, 2021;

and it is further

ORDERED that the entries covered by this injunction shall be liquidated in accordance with the final court decision in this action, including all appeals and remand proceedings, as provided for in 19 U.S.C. § 1516a(e); and it is further

ORDERED that any entries inadvertently liquidated after this order is signed but before this injunction is fully implemented by U.S. Customs and Border Protection shall be promptly returned to unliquidated status and suspended in accordance with this injunction.

SO ORDERED.

_____

TIMOTHY M. REIF, JUDGE

Dated: _____, 2021

      New York, New York